```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

LOUIS MITCHELL and BETTY      )
FOSTER, as parents and next   )
friends of DANIEL MITCHELL,   )
deceased,                     )
     Plaintiffs,              )
                              )
v.                            )    No. 05-2221 Ma/V
                              )
MARKUS MCNEIL,                )
et al.,                       )
                              )
     Defendants.              )
_____

           ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
_____
```

Plaintiffs Louis Mitchell and Betty Foster, as parents and next friends of Daniel Mitchell, deceased, ("Plaintiffs") bring this action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Tennessee Governmental Tort Liability Act ("TGTLA"), and the Tennessee Human Rights Act.  Before the court are three motions to dismiss: (1) Defendants James H. Bolden, Jr. ("Bolden"), Bobby Todd ("Todd"), the Memphis Police Department, and the City of Memphis (the "City") filed a motion on March 30, 2005,  to which Plaintiffs responded on June 16, 2005; (2) Bolden filed a motion on March 31, 2005, to which Plaintiffs responded on June 16, 2005, and Bolden replied on July 7, 2005; (3) Todd[1] filed a motion on April 12, 2005,  to which

---

[1] Todd filed a motion to dismiss or, in the alternative, motion for summary judgment.  Because the motion to dismiss is GRANTED, the motion for summary judgment is DENIED as moot.

Plaintiffs responded on June 20, 2005. For the following reasons, the court GRANTS the motions to dismiss.

**I. Background**

The following facts are from the Complaint. Daniel Mitchell (the "Decedent") died from injuries he received in a hit-and-run automobile accident on February 18, 2004. At approximately 6:45 p.m., the Decedent was crossing North Watkins at the corner of North Watkins and Rugby Place in Memphis. (Compl. ¶ 17.)  He was struck by a large white vehicle heading northbound and knocked into Defendant Myron Myles' ("Myles") vehicle, which was heading in the opposite direction. (Compl. ¶ 18.)  The driver of the large white vehicle did not stop, and the Decedent died at the age of 12 because of this accident.  (Id.)

The Decedent was not killed by the first impact and would not have died had he not been struck a second time by Myles (Compl. ¶ 19.) Based on a anonymous tip, Plaintiffs believe that the vehicle that struck the Decedent was driven by Defendant Markus McNeil ("McNeil"). ((Compl. ¶ 20.)  The vehicle was owned by Defendant Dressels Fox ("D. Fox") or Defendant Patrick Fox ("P. Fox"), both of whom are Memphis police officers.  McNeil was operating the vehicle with permission from the owner. (Compl. ¶ 21.)

Bolden, former director of the Memphis Police Department, Todd, an Inspector with the Memphis Police Department, and the City knew that P. Fox and D. Fox regularly allowed McNeil to drive their

vehicles in exchange for providing them with information about drug sales in the Memphis community. (Compl. ¶ 23.) Bolden, Todd, and the City also knew about and tolerated the practice of allowing officers to lend their personal vehicles in exchange for information. (Id.)  The Defendants acted in concert to obstruct justice by failing to investigate the accident adequately. (Compl. ¶ 23.)

Plaintiffs allege that the intersection where the Decedent was struck had inadequate lighting and, given its proximity to the Community Center, should have had reduced speed signs. (Compl. ¶ 30.) The City and Defendant Memphis Light Gas and Water failed to maintain adequate lighting in this area.  ((Compl. ¶ 32.)

Plaintiffs bring this action

## II. Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  The court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to adjudicate state law claims arising from the same nucleus of operative facts as the federal claims.

## III. Standard for Dismissal Under Rule 12(b)(6)

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th

Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs. Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark a Van Sile, Inc., 330 F.3d 889, 902 (6th Cir. 2003) (emphasis added).

**IV. March 30th Motion to Dismiss**

    **A. Claims Against the Memphis Police Department**

The City, the Memphis Police Department, Bolden in his official capacity and Todd in his official capacity(collectively the "Municipal Defendants") argue that police departments are not entities subject to suit under 42 U.S.C. 1983.  (Memo. in Supp. of Mtn. to Dismiss at 3.)  Plaintiffs concede that the Memphis Police Department may not be sued as a separate entity under

Matthews v. Jones, 35 F.3d 1049 (6th Cir. 1994) and consent to dismissal. (Resp. to Mtn. to Dismiss at 3.) Therefore, the court GRANTS the motion to dismiss as to the Memphis Police Department.

**B.  Bolden and Todd in Their Official Capacity**

The movants argue that a suit against an individual in his official capacity is the equivalent of a suit against the governmental entity. Thus, they contend that the claims against Bolden and Todd in their official capacity should be dismissed. (Memo. in Supp. of Mtn. to Dismiss at 3.) The Plaintiffs consent to dismissal. (Resp. to Mtn. to Dismiss at 3.) Therefore, the court GRANTS the Municipal Defendants' motion to dismiss as to Bolden and Todd in their official capacities.

**C.  Section 1983**

To state a § 1983 claim against the City for violation of the Fourth Amendment, Plaintiffs must allege that City agents, acting under color of state law, violated the Decedent's constitutional rights and that the City maintained a policy or custom that was the "moving force" behind the violation. Thus, Plaintiffs must demonstrate that a City policy led to the Decedent's injuries because municipalities may not be held liable under § 1983 on a respondeat superior theory. Johnson v. Hardin County, 908 F.2d 1280, 1285 (6th Cir. 1990). Further, "[i]t is not sufficient to establish an illegal policy and injuries in isolation from one another. In order to prevail against a

5

municipality in a section 1983 action, a plaintiff must demonstrate a close causal connection between the policy and the injuries suffered as well." Id. (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985) (plurality opinion).

In holding that there is no heightened pleading requirement for § 1983 claims, however, the Supreme Court cited a Ninth Circuit holding that "a bare allegation that the individual officers' conduct conformed to official policy, custom or practice" is sufficient to allege that a policy existed. Leatherman v. Tarrant County Narcotics & Intelligence & Coordination Unit, 507 U.S. 163, 165 (1993) (citing Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988). Alexander v. Beale Street Blues Co., Inc., 108 F. Supp. 2d 934, 949 (W.D. Tenn. 1999).

### 1. The Fourth Amendment

The Fourth Amendment pertains to searches and seizures. It states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The Plaintiffs have not alleged any facts that give rise to a constitutional deprivation under the Fourth Amendment. The

facts of this case do not pertain to a search or seizure. Therefore, the motion to dismiss as to the Fourth Amendment is GRANTED.

### 2. Fourteenth Amendment

The Fourteenth Amendment states in relevant part:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The movants argue that the Complaint does not rise to the level of a § 1983 action. They also argue that the Plaintiffs fail to allege facts that constitute a custom, fail to identify a decision maker to whom the custom can be attributed, and fail to demonstrate that the City's actions were the moving force behind the Plaintiff's injuries. (Memo. in Supp. of Mtn. to Dismiss at 5.)

Plaintiffs have alleged that the Decedent was deprived of his life without due process based upon deliberate indifference. Thus, the Plaintiffs have alleged a constitutional violation under the Fourteenth Amendment (Resp. to Mtn. to Dismiss at 5.) The Plaintiffs also contend that they have identified a custom or policy (the loaning of police officer's privately-owned vehicles to police informants to obtain tips or leads), alleged that the City encouraged this custom, and alleged that the custom directly caused the death of the Plaintiffs' son. (Resp. to Mtn.

7

to Dismiss at 6.)

Because the custom of loaning privately-owned vehicles to police informants is facially lawful, the Plaintiffs "must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." <u>Board of County Comm'rs of Bryan County v. Brown</u>, 520 U.S. 397 (1997). Deliberate indifference is a stringent standard of fault, requiring an allegation that an indifferent defendant disregarded a known or obvious consequence of its action. <u>Id</u>. at 407. In other words, the risk of a constitutional violation arising from the inadequacies in the municipal policy must be "plainly obvious."

It is not "plainly obvious" that the custom of lending vehicles to informants would result in constitutional deprivations. The Plaintiffs have not alleged that the City was aware of prior unconstitutional acts of its officers and failed to respond. Because the Plaintiffs have not alleged facts giving rise to a cause of action based on custom or policy under 42 U.S.C. § 1983 and the Fourteenth Amendment, the motion to dismiss their cause of action based on that theory is GRANTED.

### 3. Inadequate Investigation

The movants argue that failure to investigate does not give rise to a § 1983 claim. The Plaintiffs contend that the City's

failure to investigate the death of their son properly deprived them and the Decedent of constitutional rights under the Fourteenth Amendment.

Even if a failure to investigate could rise to the level of an equal protection violation, the Plaintiffs in this case have failed to allege that such a failure, if it occurred in this case, was based on their race or some other suspect classification, and that others have been treated differently, and more favorably. Compare Lowers v. City of Streator, 627 F.Supp. 244 (N.D.Ill.1985) (plaintiff stated a § 1983 claim when she alleged that defendants failed to arrest a rapist, who later raped her again, and failed to continue an investigation because plaintiff was a woman). As the Sixth Circuit has stated:

> Because Plaintiff failed to allege invidious discrimination based upon his membership in a protected class, his equal protection claim fails at the inception. In order for Plaintiff's claim to survive Defendants' motion, Plaintiff had to allege that he was denied equal protection of the law based upon an unjustifiable standard such as race, religion, or other arbitrary classification.

Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir.1999)

The officers and City in this case had no constitutional duty to conform their investigation to the dictates or desires of the Plaintiffs.  Therefore, the motion to dismiss the claim of

9

inadequate investigation is GRANTED.

### 4. Negligence

The movants contend that negligence is not sufficient to impose liability under § 1983 and the Fourth Amendment. (Memo. in Supp. of Mtn. to Dismiss at 6.) The Plaintiffs agree.(Resp. to Mtn. to Dismiss at 10.) Therefore, the motion to dismiss the claim for negligence under § 1983 and the Fourth Amendment is GRANTED.

### D. Section 1985

To establish a claim under 42 U.S.C. §§ 1985(3), a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Hilliard v. Ferguson, 30 F.3d 649, 652-53 (5th Cir.1994). Plaintiffs must also establish that the conspiracy was motivated by a class-based animus. Id. at 653. The Plaintiffs concede that animus is a necessary element of the claim and request that they be given the opportunity to explore this issue through discovery. (Resp. to Mtn. to Dismiss at 11.) The Plaintiffs have not alleged facts that support a finding of animus. Therefore, the Defendants' motion to dismiss the § 1985 claim is GRANTED.

### E.     Tennessee Human Rights Act

Plainitffs' claim of malicious harassment is based on the Tennessee Human Rights Act, which, in general, addresses discrimination based on race, creed, color, religion, sex, gender or national origin. Tenn. Code Ann. §§ 4-21-101 et seq. (1998). The terms "malicious" and "harassment" are not defined in Tenn. Code Ann. §§ 4-21-701 or elsewhere in the Act.  The legislative history of Tenn. Code Ann. §§ 4-21-701 indicates that the supporters of the legislation favored creation of a civil remedy for so-called "hate crimes" committed by ethnic and racial supremacist groups such as the Ku Klux Klan, Aryan Nation and Skinheads.

The Tennessee Supreme Court has held that a claim of malicious harassment requires not only that a person acted maliciously, i.e., with ill-will, hatred or spite, but also that a person unlawfully intimidated another from the free exercise or enjoyment of a constitutional right by injuring or threatening to injure or coercing another person or by damaging, destroying or defacing any real or personal property of another person. Washington v. Robertson County, 29 S.W.3d 466, 473 (Tenn. 2000)

The facts alleged by the Plaintiffs do not establish any of the elements of malicious harassment.  Therefore, the motion to dismiss Plaintiffs' claim under the Tennessee Human Rights Act is GRANTED.

11

**F. Tennessee Governmental Tort Liability Act**

The movants argue that this court should not invoke pendant or supplemental jurisdiction over state law claims under the TGTLA. (Mem. in Supp. of Mtn. to Dismiss at 8.) The Plaintiffs have asked that this court retain jurisdiction. (Resp. to Mtn. to Dismiss at 12.)

> [I]n any civil action of which the [federal] district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. §§ 1367(a). A district court "may decline to exercise supplemental jurisdiction over a claim ... if ... in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §§ 1367(c)(4).

The Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. §§ 29-20-101 et seq., provides that "[t]he circuit courts shall have exclusive original jurisdiction over any action brought under this chapter...." T.C.A. §§ 29-20- 307. The Sixth Circuit has held that federal district courts may decline to exercise supplemental jurisdiction over TGTLA claims because "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal

12

preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction [under 28 U.S.C. §§ 1367(c)(4) ]." <u>Gregory v. Shelby County, Tenn.</u>, 220 F.3d 433, 446 (6th Cir.2000). The court concludes that the exclusivity provision of the TGTLA provides a compelling reason to decline supplemental jurisdiction over the TGTLA claims in this case. Therefore, the motion to dismiss the Plaintiffs' TGTLA claims is GRANTED.

### G.  Punitive Damages Against the City

The movants argue that punitive damages are not recoverable against the City under 42 U.S.C. § 1983.  The Supreme Court has held that municipalities are immune from punitive damages under 42 U.S.C. § 1983.  <u>City of Newport v. Fact Concerts, Inc., 453 U.S. 247</u> (1981).  Therefore, the motion to dismiss the claim for punitive damages is GRANTED.

### V.  March 31st Motion to Dismiss

Bolden argues that the Plaintiffs have failed to state a claim for constitutional injury and that he is entitled to qualified immunity.  Bolden also urges the Court to decline to exercise supplemental jurisdiction over the Plaintiffs' state claims.  As discussed in part IV-G, the court declines to exercise supplemental jurisdiction over the Plaintiffs' claims under the TGTLA.  Therefore, Bolden's motion to dismiss as to these claims is GRANTED.

To survive a motion to dismiss on grounds of qualified immunity, Plaintiffs must allege sufficient facts "to sustain a conclusion that defendant violated clearly established law" or respond to Defendant's motion with facts or allegations showing that the rights they allege were violated "were so clearly established when the acts were committed that any officer in the defendant's position, measured objectively, would clearly have understood that he was under an affirmative duty to have refrained from such conduct." Poe v. Haydon, 853 F.2d 418, 424-25 (6th Cir. 1988). Because Plaintiffs have not alleged facts establishing that Bolden violated clearly established law, Bolden is entitled to qualified immunity.

In Part IV, the court dismissed the Plaintiffs' claims under 42 U.S.C. § 1983. Because the Plaintiffs have not alleged facts that give rise to a constitutional deprivation, Bolden's motion to dismiss as to the Plaintiffs' § 1983 claims is GRANTED.

**VI. April 12 Motion to Dismiss**

Todd moves to dismiss the Plaintiffs' claims under 42 U.S.C. § 1983 and the TGTLA. As the court discussed in Parts IV and V, the Plaintiffs have not alleged facts giving rise to a claim under 42 U.S.C. § 1983. Therefore, the Defendant's motion to dismiss as to 42 U.S.C. § 1983 is GRANTED. The court also declines to exercise supplemental jurisdiction over the Plaintiffs' TGTLA claims. Therefore, Todd's motion to dismiss the TGTLA claims is GRANTED.

**VII. Conclusion**

The motions to dismiss dated March 30, 2005, March 31, 2005, and April 12, 2005, are GRANTED in their entirety.

So ORDERED this 29th day of March 2006.

_____
s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE